UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:14-cv-2286 CKD P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction in the Sacramento County Superior Court for failure to register as a sex offender and child molestation. (ECF No. 1 at 1.)

The limitations of federal courts' power to issue habeas corpus relief for persons in state custody are provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

1

     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Here, petitioner does not indicate what claims concerning his conviction were adjudicated in the state courts on appeal and/or in state habeas proceedings. Nor does he specify the grounds for federal habeas relief (i.e., why the state courts' affirmance of his conviction was unreasonable under AEDPA).

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

As the factual and legal bases of petitioner's claims are not clear, the court will dismiss the petition under Rule 2(c) with leave to amend. In an amended petition, petitioner is advised to succinctly list the claims adjudicated in state court, the grounds for federal habeas relief, the facts supporting each ground, and the relief requested, on the form provided by the court.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus; and

////

////

---

[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. Failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Dated: October 16, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / rodr2286.114(2)